UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV -7  P 12: 24

US DISTRICT COURT
BRIDGEPORT CT

JOSEPH MINCEWICZ,  : CIVIL NO. 3:00CV1505(SRU)
PLAINTIFF          :
                   :
V.                 :
                   :
MOHEGAN SUN CASINO, LANCE   :
BECKER, MAURICE PARKER,     :
AND JANET KMETZ             :   NOVEMBER 5, 2003
DEFENDANTS                  :

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR ORDER

**I.  Relevant Procedural History**

1. On April 10, 2003, this Court issued a Pre-Trial Order directing that the parties jointly submit a final pretrial memorandum, in both hard copy and on a 3 ½" computer diskette in WordPerfect Format, to both the Clerk for the Court and Chambers, by September 2, 2003. Exhibit A[1].

2. On August 28, 2003, not having heard from plaintiff's counsel regarding the joint pretrial memorandum that was due, the undersigned counsel for the defendants complied with the Court's Order by sending their half of the joint pretrial memorandum in both hard copy and on a 3 ½" computer diskette in WordPerfect Format, by overnight mail, to the Clerk of the Court, Chambers, and plaintiff's counsel, Ms. Torre. Exhibit B[2].

3. By September 2, 2003, the due date of the joint pretrial memorandum, the undersigned had not received plaintiff's portion of the pretrial memorandum, or received any communication from his counsel regarding its filing.

---

[1] Exhibit A: Court Order, dated April 10, 2003.
[2] Exhibit B: Letter sent to plaintiff's counsel, Ms. Torre, on August 28, 2003, regarding the filing of the defendant's portion of the joint pretrial memorandum.

4. On September 10, 2003, the undersigned counsel for the defendants and plaintiff's counsel, Ms. Torre, appeared in this Court for a status conference. At that conference, Judge Underhill acknowledged the timely receipt of the defendant's half of the joint pretrial memorandum and inquired of plaintiff's counsel as to whether she had also received it, and if so, why she had not complied with his Order by filing the plaintiff's half as well. Plaintiff's counsel acknowledged she had received that defendant's half of the pretrial memorandum, but stated that she had not had time to review it. Plaintiff's counsel also explained that the plaintiff's half of the pretrial memorandum had not yet been filed because she had been busy and had not had time to meet with her client, though she expected to do so by that Friday, September 12, 2003 and expected to file the plaintiff's half the following week[3].

5. The week of September 15, 2003 passed by without any filing by plaintiff's counsel. On October 7, 2003, over two and one half weeks after the new deadline passed, the undersigned sent a letter of reminder to plaintiff's counsel, (a copy of which was also sent to the Court), urging her compliance with the Court Order, as the plaintiff's pretrial memorandum was by then well overdue. Exhibit C[4]. This letter however, had no effect.

6. As of today, the plaintiff still has not filed his pretrial memorandum. Over nine weeks have now passed since the original, September 2, 2003, Court Order deadline and nearly seven weeks have passed since the date plaintiff counsel told the Court it would be filed. In addition to ignoring the Court Order, the plaintiff has not contacted either the Court or the undersigned to explain the reason for this excessive delay or to seek an extension of time in which to file.

---

[3] Week of September 15 – 19, 2003.
[4] Exhibit C: Letter sent to plaintiff counsel on October 7, 2003, reminding her to promptly file the plaintiff's half of the joint pretrial memorandum.

2

## II.  LAW AND ARGUMENT

Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action against him if the plaintiff fails to comply with any order of court.

In the present case, this Court issued a written Order on April 10, 2003, directing both parties to submit a joint pretrial memorandum to the Clerk of Court and Chambers before September 2, 2003. The defendants complied with that Order, providing a their half of the memorandum to plaintiff's counsel *before* the deadline date, in both hard copy and diskette, with the direction that it be incorporated into the plaintiff's half and filed jointly with the Court by the deadline date. A hard copy and disc was also forwarded to the Clerk and Chambers before the deadline date pursuant to the Order.

Counsel for both parties appeared for a conference before the Honorable Judge Underhill on September 10, 2003, at which time counsel for the plaintiff acknowledged both the timely receipt of the defendant's half of the pretrial memorandum and her failure to meet the deadline in the Court Order. At that time, counsel for the plaintiff explained to the Court that the reason the deadline had been missed was because she had not met with her client, though she stated that she expected to meet with him that Friday and file his memorandum the following week, to which the Court agreed. By her statements and explanation in Court, plaintiff's counsel was clearly aware that she was not in compliance with the original Court's Order, and understood further that the Court granted her an extention of time until the end of the followng week based upon her statements to the Court. Nevertheless, despite the comments and assurances made to the Court at that time, it has now been nearly seven weeks[5] and the plaintiff still has not complied with the

---

[5]  Counting forward from September 19, 2003, which was the last day of the particular week plaintiff counsel told the Court she expected to file the pretrial memorandum.

3

Court's Order and filed his pretrial memorandum, nor provided any explanation to the Court or defense counsel of the reason for the delay.

In fact, it has been over nine weeks since the original deadline date in the Order, and over four weeks since October 7, 2003 when the undersigned sent plaintiff counsel a reminder letter urging her prompt compliance with the Order. Exh. C. The fact that the plaintiff has not made any effort to contact the Court or the undersigned to explain the cause for the delay, or to request an extension of time, demonstrates the plaintiff's lack of concern over the need to comply with this Court's Order.

In addition, the trial date for this case is rapidly approaching, (jury selection January 8, 2004, and trial beginning February 2, 2004), and as a direct result of the plaintiff's lack of compliance, there is now a much shorter span of time in which to review the plaintiff's half of the pretrial memorandum and prepare for trial. The plaintiff has had possession of the defendant's half of the pretrial memorandum, with the list of witnesses, exhibits, and other disclosures, for over two months, while the plaintiff has not provided the defendants with the same. The defendant's ability to prepare a defense is being compromised as a result of the plaintiff's continued defiance of the Court Order requiring the filing of his half of the pretrial memorandum, and his continued failure to comply is prejudicial to the defendants.

The plaintiff has no excuse for this excessive delay. The Order was dated April 20, 2003 with a deadline date of September 2, 2003. Plaintiff's counsel was assigned to the case months before the due date in the Order. The plaintiff resides in the State of Connecticut, as does counsel. When the plaintiff did not comply with the original deadline date in the Order, the Court effectively gave the plaintiff a two week extension of time, based upon his counsel's comments to the Court on September 10, 2003. Nevertheless, nearly seven weeks have

4

transpired since that extension expired and the plaintiff still has made no effort to comply. The plaintiff is essentially thumbing his nose at the Court and at defense counsel who urged him by letter to comply, and his inaction demonstrates his complete disregard for this Court's Order.

Accordingly, to restore the integrity and enforceability of the Court's orders, this action should be dismissed in its entirety due to the plaintiff's deliberate failure to comply with an Order of this Court. F.R.C.P. Rule 41(b). In addition, the defendants request that they be awarded the costs of this Motion.

In the alternative, if the action is not dismissed pursuant to F.R.C.P. Rule 41(b), then, pursuant to Local Rule of Civil Procedure, Rule 11, the defendants request that the Court impose sanctions upon the plaintiff for his failure to comply with the Court's Order including, but not limited to, imposing costs, counsel fees, and other sanctions as the Court deems appropriate. Local Rule of Civil Procedure 11(d) and 11(f).

DEFENDANTS
Lance Becker, Maurice Parker,
And Janet Kmetz

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert B. Fiske, III
Assistant Attorney General
Federal Bar No. ct17831
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5493

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this, the 5th day of November, 2003, first class postage prepaid to:

Ms. Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

_____
Robert B. Fiske, III
Assistant Attorney General

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 APR 10 P 2: 12
US DISTRICT COURT
BRIDGEPORT CT

JOSEPH MINCEWICZ

v.

MOHEGAN SUN CASINO, ET AL.

Civ. Action No.
3:00CV 1505

## PRE-TRIAL ORDER

The parties shall jointly submit, in one continuous document signed by counsel for all parties, a final pretrial memorandum (in compliance with Rule 6 of the Local Rules of Civil Procedure and in lieu of the pretrial memorandum required by the Standing Order Regarding Trial Memoranda in Civil Cases). **In addition to filing an original of the pretrial memorandum with the Clerk of the Court, counsel shall also provide to Chambers a courtesy copy of the pretrial memorandum and all attachments thereto, both in hard copy and on a 3 ½" computer diskette in WordPerfect format.** The pretrial memorandum shall be submitted by **September 2, 2003**, and shall contain the following information:

5. **TRIAL COUNSEL:** List the names, addresses, telephone and fax numbers of the attorneys who will try the case. Trial counsel must attend the pretrial conference, unless excused by the Court.

6. **JURISDICTION:** Set forth the basis for federal jurisdiction.

7. **JURY/NON-JURY:** State whether the case is to be tried to a jury or to the Court. If it will be tried partially to each, explain.

8. **LENGTH OF TRIAL:** Set forth a realistic estimate of trial days required.

9. **FURTHER PROCEEDINGS:** Specify, with reasons, the necessity of any further proceedings prior to trial.

10. **NATURE OF CASE:** Separately state the nature of each cause of action and of the relief sought. If appropriate, state the nature of any counterclaims and/or affirmative defenses.

11. **TRIAL BY MAGISTRATE JUDGE:** Indicate whether the parties have agreed to a trial by a Magistrate Judge.

12. **LIST OF WITNESSES:** Each party shall provide the name, address, and a brief summary of the anticipated testimony of all witnesses by separately listing: (a) the witnesses the party expects to call at trial; and (b) the witnesses the party may call at trial if the need arises. Witnesses not listed shall not be permitted to testify at trial, except for good cause shown.

   For each expert witness, set forth the area of the expert's expertise, the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Attach a curriculum vitae, if available.

13. **DEPOSITION TESTIMONY:** Each party shall list all witnesses who are expected to testify by deposition at trial and shall identify by page and line references the deposition testimony that each party proposes to read into evidence. Cross-designations shall be made as provided by Fed. R. Civ. P. 32(a)(4). The lists shall specify all objections to deposition designations. These objections must be resolved between the parties or by Court ruling prior to jury selection. After submission, the Court will permit amendment of the lists only for good cause shown. At the time of trial, the Court will permit reading of testimony from a deposition only in the order in which it was taken.

14. **EXHIBITS:** Each party shall identify all exhibits that it may present at trial, by providing a brief description of each exhibit, and by separately listing the exhibits that the party: (a) expects to offer at trial; and (b) may offer at trial if the need arises. Exhibits not listed will not be admitted at trial except for good cause shown.

   Counsel shall mark all exhibits sequentially with exhibit tags (e.g., "Plaintiff's Exhibit 1" or "Defendant's Exhibit A"), which will be provided by the Clerk's Office upon request. Where there are multiple plaintiffs and/or defendants, counsel should coordinate exhibit identification to ensure that exhibit numbers are not duplicated. Copies of all exhibits shall be exchanged no later than fourteen (14) calendar days prior to trial, and the original set of exhibits for the Deputy Clerk and two complete copies of the exhibits (in binders) for Judge Underhill and his law clerk shall be submitted to the Deputy Clerk seven (7) calendar days prior to trial.

   Any objection to the admissibility of any exhibit, other than on the grounds of relevance, shall be filed with the Court in writing at least seven (7) calendar days

prior to trial, together with a memorandum of authorities in support of the objection. Any objections not made in this manner, except objections as to relevance, may be deemed waived.

15. **ANTICIPATED EVIDENTIARY PROBLEMS/ MOTIONS IN LIMINE:** Attach to the final pretrial memorandum a list of all evidentiary problems anticipated by the parties, together with memoranda of fact and law. Also attach all motions in limine together with supporting memoranda. Any memorandum in opposition to a motion in limine shall be filed within seven (7) days after the filing of the motion.

16. **STIPULATIONS OF FACT AND LAW:** Counsel for all parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and an agreed statement of the contested issues of fact and law, which stipulation and agreed statement will be set forth in the final pretrial memorandum. If unable to stipulate to any facts, the parties shall so state. If unable to stipulate to an agreed statement of contested issues of fact and law, each party shall, to the extent there is not agreement, set forth its view of the contested issues of fact and law.

17. **TRIAL TO COURT/JURY**

    (a) **Court:** Each party shall submit proposed findings of fact and conclusions of law, citing relevant authority where appropriate.
    (b) **Jury:** The stipulation of uncontroverted facts will be read to the jury and no evidence shall be presented on the uncontested facts.

    (1) **Proposed Voir Dire Questions:** Each party shall attach a list of questions to be submitted to the jury panel.

    (2) **Proposed Jury Instructions:** Each party shall attach requests for jury instructions. Counsel are <u>not</u> required to submit general jury instructions that, for example, instruct the jury on its role, evidence in general, witness credibility, etc.

    (3) **Jury Interrogatories/Proposed Verdict Form:** Counsel for all parties shall confer in an effort to enter into an agreed proposed jury verdict form. The form may request that the jury return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Fed. R. Civ. P. 49(b). If the

3

       parties are unable to agree, each party shall submit a proposed jury verdict form.

    (4)    **Proposed Case Statement:** Counsel for all parties shall confer in an effort to prepare a joint brief case statement to be read at jury selection. If the parties are unable to agree, each party shall submit a proposed case statement.

14.    **AVAILABILITY OF WITNESSES:** Each party shall ensure the availability at trial of each witness listed by that party unless the Court and counsel are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence.

15.    **PRETRIAL REQUIREMENTS:** The requirements established by this Order may not be modified by agreement of counsel.

It is so ordered.

Dated at Bridgeport this 10th day of April 2003.

                                                      /s/ Stefan R. Underhill
                                                      Stefan R. Underhill
                                                      United States District Judge

# EXHIBIT B



RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

August 28, 2003

Ms. Karen Lee Torre, Esq.
51 Elm Street, Suite 307
New Haven, CT 06510

RE: **Mincewicz v. Mohegan Sun Casino, et al.**, No. 3:00CV1505 (SRU)(WIG)

Dear Attorney Torre:

Pursuant to the pre-trial order dated April 10, 2003, please find enclosed a copy of defendants' portion of the pre-trial memorandum in hard copy and computer diskette. The same was send by overnight courier on this date to the Court. Microsoft Word is the data processing system used by the Office of the Attorney General. Hopefully, the document will be readable by your system so you can incorporate it with your portion and file the joint pre-trial memorandum with the Court.

Very truly yours,

Robert B. Fiske, III
Assistant Attorney General

RBF/ni
Enclosures

# EXHIBIT C



RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
## State of Connecticut

October 7, 2003

Tel: (860) 808-5450
Fax: (860) 808-5591

Ms. Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Re: *Mincewicz v. Becker, Parker & Kmetz*, 3:00CV1505(SRU)(WIG)

Dear Ms. Torre:

    Please let this letter serve as a reminder that the plaintiff's half of the Joint Pre-Trial Memorandum is still overdue to the Court and the undersigned counsel for the defendants. As you may recall, the defendants timely filed their half of the Joint Pre-Trial Memorandum by the due date of September 2, 2003 and timely provided you with both a hard copy and disc. At the conference on September 10, 2003, you informed Judge Underhill that you missed the deadline because you had not yet met with your client, though you anticipated doing so by that Friday, (September 12, 2003), and that you expected to file his half of the Joint Pre-Trial Memorandum the following week. Over three weeks have now elapsed since you were to have met with your client and its been more than two weeks since you were to file the plaintiff's half of the Joint Pre-Trial Memorandum. In addition, I have not received any communication from you, either orally or in writing, regarding the reason for this long delay or requesting my permission for a motion for additional time.

    Therefore, in light of the extreme lateness, (five weeks to date), in failing to file the plaintiff's half of the Joint Pre-Trial Memorandum, please promptly file it with the Court and forward a copy to the undersigned counsel for the defendants. I thank you in advance for your anticipated attention to this important matter. If you would like to discuss this matter, or any other aspect of this case, please do not hesitate to contact me. I remain,

Very truly yours,

Robert B. Fiske, III
Assistant Attorney General

cc: Honorable Stefan Underhill