
RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH MINCEWICZ, *Plaintiff,* | : | NO. 3:00CV1505(SRU)(WIG) |
| V. | : | |
| MOHEGAN SUN CASINO, ET AL *Defendants.* | : | NOVEMBER 19, 2003 |

### PLAINTIFF'S SUBMISSION OF JOINT PRE-TRIAL MEMORANDUM

The undersigned counsel for the plaintiff submits herewith a joint trial memorandum which includes defendants' portion as previously submitted to this Court.

**5. TRIAL COUNSEL:**

**For the Plaintiff:**

Ms. Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

**For the Defendants:**

Robert B. Fiske, III
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut 06105
Tel. (860) 808-5450
Fax: (860) 808-5493

**6. JURISDICTION:** The jurisdiction of the court is invoked under the provisions of Sections 1331, 1343 and 1367 of Title 28, and Sections 1983 of Title 42 of the United States Code.

7. **JURY/NON-JURY:** The plaintiff has claimed a trial by jury of all issues raised in his complaint.

8. **LENGTH OF TRIAL:** It is expected that the trial will take approximately three days, not including jury selection.

9. **FURTHER PROCEEDINGS:** None anticipated.

10. **NATURE OF CASE:**

The plaintiff has alleged that on March 3, 1998, while in the custody of the Connecticut State Police in the State Police Casino Unit at the Mohegan Sun Casino, the defendants, without provocation, used excessive force against him during the processing of his arrest, causing him to sustain injuries to his face, head and body.

The defendants assert that after each of two separate physical outbursts by the plaintiff, the defendants, pursuant to Conn. Gen. Stat. § 53a-22, were privileged in their use of reasonable force to regain control of his person. Furthermore, because the amount of force was objectively reasonable under the circumstances, the defendants are entitled to qualified immunity.

11. **TRIAL BY MAGISTRATE JUDGE:** The parties have not agreed to trial of this lawsuit before a United States Magistrate Judge. However, the defendants have no objection to such an assignment.

### 12. LIST OF WITNESSES:

#### A. PLAINTIFF:

In addition to the plaintiff and those witnesses identified by the defendant below, the plaintiff may call the following:

1. Irene Alwell, 395 Chase Avenue, Waterbury, CT.
2. Alfredo Gonzalez, 986 Norwich Turnpike, Uncasville, CT. ( Captain - Department of Corrections)
3. Glenn S. Shea, 986 Norwich Turnpike, Uncasville, CT. (Head Nurse - Department of Corrections)

#### B. DEFENDANTS:

1. **Defendant:** Janet Kmetz, 1111 Country Club Road, Middletown, CT. This defendant may testify concerning all the facts and issues known to her in this matter.

2. **Defendant**: Maurice Parker, 1111 Country Club Road, Middletown, CT. This defendant may testify concerning all the facts and issues known to him in this matter.

3. **Defendant**: Lance Becker, 1111 Country Club Road, Middletown, CT. This defendant may testify concerning all the facts and issues known to him in this matter.

4. **Witness:** Timothy Wetter, 1111 Country Club Road, Middletown, CT. This defendant may testify concerning all the facts and issues known to him in this matter.

5. **Witness**: Kenneth Vedder, 146 White Birch Drive, Waterbury, CT. This witness may testify concerning all the facts and issues known to him in this matter.

6. **Witness**: Patrick Alwell, 395 Chase Avenue, Waterbury, CT. This witness may testify concerning all the facts and issues known to him in this matter.

7. **Witness**: Thomas Alwell, 45 Donoghue Drive, Waterbury, CT. This witness may testify concerning all the facts and issues known to him in this matter.

8. **Witness**: Debra Dazy, 49 Quarto Road, Norwich, CT. This witness may testify concerning all the facts and issues known to her in this matter.

9. **Witness**: Karl Ikermon, Mohegan Sun Casino Security Supervisor, home

address unknown. This witness may testify concerning all the facts and issues known to him in this matter.

10. **Witness**: Jack Crutchfield, Mohegan Sun Security Investigator, home address unknown. This witness may testify concerning all the facts and circumstances known to him in this matter.

13. **DEPOSTION TESTIMONY**: All witnesses are expected to be present at trial. However, in the event one or more witnesses are unavailable, the defendants will seek to introduce their deposition testimony into evidence.

14. **EXHIBITS**:

   **(1). PLAINTIFF**:

1. Connecticut Department of Corrections Medical Incident Report dated March 3, 1998.
2. Photograph of plaintiff's injuries.
3. Photograph of plaintiff's injuries.

   **(2). DEFENDANTS**:

a. **Exhibits Expected To Be Offered At Trial**:
   1. Certified Connecticut State Police Investigation Report of the 3-3-98 incident.
   2. State of Connecticut Department of Correction Medical Intake Form CN-6601-1-8, for the plaintiff, dated 3-3-98.
   3. NCIC Criminal Record of the plaintiff.

b. **Exhibits That May Be Offered At Trial If The Need Arises**:
   1. Excerpts of trial transcript from plaintiff's criminal trial proceedings before the Honorable Thomas F. Parker in Superior Court J.D. of New London

at Norwich, on October 5, 1998 through October 8, 1998.

## 15. ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE:

**A. PLAINTIFF:** Plaintiff will object to introduction of any criminal history of the plaintiff, including the facts or particulars underlying any felony conviction.

**B. DEFENDANTS:** None at this time, excluding relevancy issues, however the defendants reserve the right to amend this position in the event unforeseen issues arise.

## 16. STIPULATIONS OF FACT AND LAW:

### a. Stipulations of Fact:

**1. Plaintiff:**

See 2 below.

**2. Defendants:**

a.  At all relevant times, the defendants were acting under color of law and in the course of their employment as Connecticut State Police Troopers.

b.  The plaintiff was arrested by the Connecticut State Police on March 3, 1998 at the Mohegan Sun Casino.

c.  The plaintiff was subsequently convicted of assault of a police officer, interfering with a police officer, and criminal trespassing in the first degree.

   **b. Stipulations of Law:**

    **A. Plaintiff:**

See B below.

    **B. Defendants:**

1. **Connecticut General Statutes § 53a-22.** *Use of Force in making arrests . . .*

**(b)** ...a peace officer ... is justified in using physical force upon another person when and to the extent that he reasonably believes is necessary to: (1) effect an arrest ... of a person he reasonably believes to have committed an offense, ... or (2) defend himself or a third person from the use or imminent use of physical force while effecting or attempting to effect an arrest.

2. **Connecticut General Statutes § 53a-23. Use of physical force to resist arrest not justified.** A person is not justified in using physical force to resist an arrest by a reasonably identifiable peace officer, whether such arrest is legal or illegal.

### 17. TRIAL TO JURY:

  **1. Proposed Voir Dire Questions:** See the defendant's proposed Voir Dire questions in part A of the defendant's portion of the Joint Trial Memorandum at Tab A. Plaintiff's proposed Voir Dire is attached hereto.

  **2. Proposed Jury Instructions:** See the defendant's portion of the proposed Jury Instructions in part B of the Joint Trial Memorandum at Tab B. Plaintiff's proposed jury instructions are attached hereto.

**3. Jury Interrogatories/Proposed Verdict Form:** See the defendant's portion of the proposed Jury Interrogatories and Verdict Form in part C of the Joint Trial Memorandum at Tab C.

**4. Proposed Case Statement:**

**Defendant's proposal:** In the early hours of March 3, 1998, the plaintiff was arrested by the Connecticut State Police while at the Mohegan Sun Casino. During the processing of his arrest, at the State Police Casino Unit office, the plaintiff became loud, unruly, and physically uncooperative in two separate instances. Each time, the defendants used only the amount of force necessary to gain control and handcuff the plaintiff. The plaintiff was subsequently convicted of assault of a police officer, interfering with a police officer, and trespassing in the first degree.

**Plaintiff objects to defendants' proposed case statement as obviously improper. Defendants' proposal asks the court to deliver defendants' version of the facts to the jurors. The plaintiff proposes that jurors merely be informed that this is an excessive force case and they will be asked to decide whether plaintiff's right to be free from excessive force was violated on March 3, 1998 in connection with his arrest.**

PLAINTIFF
JOSEPH MINCEWICZ

DEFENDANTS
BECKER, KMETZ AND PARKER

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Karen Lee Torre (ct#01707)
The Law Offices of Karen Lee Torre
51 Elm St., Ste. 307
New Haven, CT 06510
Tel: (203) 865-5541
Fax: (203) 865-4844

By: _____
Robert B. Fiske, III
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut 06105
Federal Bar #ct17831
Tel: (860) 808-5450
Fax: (860) 808-5493

### CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed, postage prepaid, to the following on this, the 29th day of August, 2003:

Ms. Karen Lee Torre, Esq.
51 Elm Street, Suite 307
New Haven, CT 06510

_____
Robert B. Fiske, III
Assistant Attorney General